## Marine Court.

### Trial Term—October, 1877.

## THOMAS WHITTEN against DANIEL W. CHESTER.

The authority of the master of a vessel to confine an offending sea-
man on board the ship by putting him in irons, when his conduct
and a just regard to discipline and safety render it necessary, is
unquestionable. But the master's act must not be done in an
unusual, wanton or cruel manner, or he will be liable for such
conduct, although the right to confine the seaman existed.

Trial by the court without a jury.

*G. M. Curtis*, for plaintiff.

*Leroy S. Gove*, for defendant.

McADAM, J.—The plaintiff shipped as an able seaman
on board the *Dauntless*, an American vessel, of which the
defendant is master, for a voyage from San Francisco to
this port. During the voyage, and while upon the high seas,
the plaintiff became refractory, exhibited an angry temper
and made threats against the life of the mate and carpen-
ter of the vessel, and upon one occasion had a scuffle with
one Kelly, a fellow-seaman. For these acts of miscon-
duct the captain had the plaintiff handcuffed and then
confined in what is called the booby-house of the vessel,
a small room less than five feet high, and not large
enough therefore to permit an ordinary man to stand
erect. It was without air, except such as found its way
through the joints of the doorway leading to it. The
plaintiff complained of this treatment, said he was suffocat-
ing, and finally broke open the door and made his exit.
He was immediately seized, his legs were manacled, and
thus bound hands and feet, he was returned to his place
of confinement and there imprisoned until the arrival of

Whitten *v.* Chester.

the vessel at this port—a period of eighteen days ; and for this imprisonment the plaintiff brings action to recover damages.

The authority of the master to confine an offending seaman on board the ship by putting him in irons, when his conduct and just regard to good discipline and safety render it necessary, is unquestionable. But the power exists only in cases where the circumstances are urgent and require its exercise. The master is not clothed with judicial authority to sentence seamen to punishment for their offenses. The law has conceded that authority to the regular tribunals of the country, acting according to the ordinary forms of justice, and upon a trial of the facts by jury. The evidence adduced satisfies me that the plaintiff, while at sea, misbehaved by using threatening language and acting in a mutinous manner, that the master was in consequence justified in putting him in irons, if he honestly believed that such imprisonment was necessary for the enforcement of discipline and the safety of the vessel.

I have no doubt that the master believed the plaintiff was dangerous and ought to be put in confinement, and acted under such belief; and the only question which remains to be determined is whether the master's act, legal in itself, was not done in an illegal, unusual and cruel manner, so as to make him liable for the unnecessary and illegal excess of punishment inflicted. Upon this branch of the case I hold that the manner of imprisonment, and particularly the place selected for it, were under the circumstances manifestly improper. Humanity requires that a person, even deservedly imprisoned, shall during his confinement have at least standing room, and a fair supply of light and of fresh air. These necessaries were denied to the plaintiff, and his punishment was therefore unnecessarily cruel, oppressive and inhuman, and for its excessive severity the defendant is liable, because all punishments which are unjust or unusual are discountenanced by law.

Judgment will therefore be rendered against the defendant for $100, and costs.